JOHN STEEL ET AL. *v.* J. W. SEALE ET AL.

[Kentucky Law Reporter, Vol. 4—42.]

**Petition for a New Trial.**

Where a litigant defending a damage suit entered against him has been vigilant through several courts, and when the cause is set for trial in the circuit court at a specified time and he has on file an answer stating a legal defense to the action and has informed his attorney that he will attend at the trial, and he shows in his suit to set aside a judgment taken against him in his absence at the time set for trial that on the night before the trial his daughter

took violently sick and for that reason he was unable to and did not attend the trial, his application for a new trial should have been allowed and a new trial given on the grounds of accident and misfortune, which could not have been guarded against by ordinary prudence, and which prevented him from appearing and defending. the case.

## APPEAL FROM BREATHITT CIRCUIT COURT.

### June 10, 1882.

OPINION BY JUDGE HARGIS:

The appellee, Seale, sued the appellant, Chambers, alleging that he aided and encouraged a band of rebels to camp on his farm, and take from it his corn, meat, hay, wheat, etc., and to burn his fences, and procured an attachment against Chambers' property, which was levied on several tracts of land. After the war closed Chambers appeared and demurred to the petition, which was sustained. This court, on Seale's appeal, reversed that judgment and remanded the case.

After numerous continuances, mostly at Chambers' instance, at the May term, 1873, of the Wolfe Circuit Court, whither the venue had been changed, Seale, during Chambers' absence, obtained a judgment for $1,500 in damages against him. In the following month Chambers prosecuted an appeal from the judgment, and also filed a petition for a new trial. The judgment was affirmed by this court, and the petition for a new trial was dismissed by the circuit court, and from the latter judgment the appellant, Chambers, prosecutes this appeal.

He alleged substantially in his petition for a new trial that the reason he did not attend the May term, 1873, when the verdict was rendered against him, was because his daughter, who had been sick, became suddenly worse on Sunday evening, which was the day before the court began, and that by reason of this unavoidable accident and misfortune he was prevented from appearing or defending the suit.

Counsel for appellee confused this character of action for a new trial with a suit to vacate or modify judgments on the grounds prescribed in Civ. Code (1876), § 518, subsecs. 2, 3, 4, 5, 6 and 8. They are essentially different. In an action like this, where there was an issue formed by sufficient pleadings in the

suit in which the new trial is sought, it is not necessary to allege and prove a valid defense to the action before a new trial can be granted. It is sufficient and only necessary to show that an issue had been joined, or that the party had been prevented from forming an issue or presenting his defense when he had one; that the evidence known to him, which he might have introduced, but for his necessary absence, would have supported a verdict in his favor, and that the ground relied on for the new trial is true, and belongs to one of the classes embraced by Civ. Code (1876), § 340, subsecs. 2, 3 and 7.

As to the other grounds for a new trial provided for by subsecs. 1, 4, 5, 6 and 8, of said section, the record will show the existence or nonexistence of the truth of the ground, and it is only incumbent on the applicant, where the ground is thus shown, to prove that the ground was discovered after the expiration of the term, or although known during the term the party was, in either case, unavoidably prevented from making the application, as prescribed by § 342.

It is true that § 518, which authorizes the vacation or modification of judgments, embraces the grounds and manner of granting a new trial prescribed by § 344, and that its 7th subsec. is similiar to subsec. 2, of § 340. Yet it provides other grounds, whose truth must be shown, and a valid defense proved also, not contemplated by the provisions relative to new trials. Civ. Code (1876), Title 9, Ch. 2, Art. 6.

The record in this case shows that Chambers had, before the trial, filed an answer which contained a legal defense to the action; and the evidence about the date of his daughter's sickness and of the term, while conflicting, satisfactorily establishes that she was very sick during that term. Chambers proved that he had borrowed a horse to go to that term of court a few days before the term began, informed his attorney the day before court began that he would be at the court, and that his daughter took suddenly worse that evening. The record shows that he has defended the case with pertinacity and continuality, and there can be no motive attributed to his failure to attend except the relapse of his daughter, and in our opinion the facts of this case show a valid reason for a new trial on the ground of accident and misfortune which could not have been guarded against by ordinary prudence, and

which evidently prevented said appellant from appearing and defending the case.

The evidence known to the appellant at the time of the trial would, if it had been introduced, have rendered the evidence conflicting, and supported a verdict in his behalf, had one been rendered for him. He swears that he would have testified and will now testify that he had nothing to do with the alleged tort, and other witnesses testify to facts which tend in some degree to support his defense, and he was entitled to have this evidence heard and weighed by the jury under proper instructions, and whether they would or will decide for him on another trial is not a question for our determination. It is only necessary to know that they may do so, and will, if they should believe his evidence to be true.

Neither the negligence of Chambers' attorney in retaking the suppressed depositions nor the alleged newly discovered evidence were sufficient to authorize a new trial, but for the reasons we have given Chambers ought to have been granted a new trial. As to the injunctions obtained by the appellants, Steele and Woodward, who were pendente lite purchasers of the attached lands, the court should have made such orders as would have enjoined the judgment in favor of the appellee, but not so as to affect any future judgment he may obtain, as the attachment lien is superior to the rights of those who purchased after its levy.

Wherefore the judgment is *reversed* as to each of the appellants, and cause remanded, with directions to grant appellant, Chambers, a new trial, reinstate the injunctions, and for further proceedings not inconsistent with this opinion.

H. C. Lilly, John L. Scott, for appellants.

I. N. Cardwell, for appellee.

[Cited, Prentice v. Oliver, 25 Ky. L. 1576, 78 S. W. 469.]